**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| U.S. BANK EQUIPMENT FINANCE, a division of U.S. BANK NATIONAL ASSOCIATION )<br><br>Plaintiff, )<br><br>v. )<br><br>AV XPRESS LTD. and ZORAN KRSTIC )<br><br>Defendants. ) | Case No.:<br><br>Claim amount: $334,185.67, plus prejudgment interest at a rate of twelve percent (12%) per year and attorneys' fees and costs. |

## VERIFIED COMPLAINT

NOW COMES Plaintiff U.S. Bank Equipment Finance, a division of U.S. Bank National Association ("U.S. Bank"), by and through its counsel, and for its Complaint against Defendants AV Xpress LTD. ("AV") and Zoran Krstic ("Krstic") (collectively the "Defendants"), states as follows:

## PARTIES

1. U.S. Bank is a national bank organized under the laws of the United States, with its principal place of business in Minneapolis, Minnesota. U.S. Bank maintains its charter in the State of Ohio and its main office is located in Cincinnati, Ohio.

2. AV is an Illinois corporation with its principal place of business located at 13404 W. Oakwood Ct., Homer Glen, IL 60491.

3. Krstic is a citizen of the State of Illinois who maintains his domicile at 13404 W. Oakwood Ct., Homer Glen, IL 60491.

## JURISDICTION AND VENUE

1

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) (West 2022).

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), because AV's principal place of business and Krstic's residence are in this district. *See* 28 U.S.C. § 1391(b)(1) (West 2022).

## BACKGROUND

### The First Agreement

6. On or about May 21, 2021, U.S. Bank, as secured party, and AV, as debtor, entered into Equipment Finance Agreement No. xxxx744 (the "First Agreement") for the financing of one (1) 2016 Volvo VNL780 Sleeper Truck Tractor (T/A) 4V4NC9EH4GN935670; one (1) 2016 Volvo VNL780 Sleeper Truck Tractor (T/A) 4V4NC9TJ5GN935652; one (1) 2016 Volvo VNL670 Sleeper Truck Tractor (T/A) 4V4NC9EH6GN935668; and one (1) 2016 Volvo VNL670 Sleeper Truck Tractor (T/A) 4V4NC9EH8GN938720 (collectively the "First Agreement Trucks"). A true and correct copy of the First Agreement is attached hereto as Exhibit 1.

7. Pursuant to the First Agreement, AV agreed to make sixty (60) monthly payments of $2,580.21. *See* Exhibit 1.

8. To secure AV's obligations under the First Agreement, AV granted U.S. Bank a security interest in the First Agreement Trucks. *See* Exhibit 1 ¶ 3.

9. U.S. Bank properly perfected its security interest as first lienholder on the titles to the First Agreement Trucks. True and correct copies of the Certificates of Title reflecting U.S. Bank's first priority security interest in the First Agreement Trucks are attached hereto as Group Exhibit 2.

-
-

10. To induce U.S. Bank to enter into the First Agreement, Krstic personally guaranteed the obligations of AV under the First Agreement (the "First Personal Guaranty"). A true and correct copy of the First Personal Guaranty is attached hereto as Exhibit 3.

11. AV failed to make timely payments under the First Agreement, including the payment due on January 24, 2023 and all payments thereafter.

12. Krstic also failed to make payments pursuant to the First Personal Guaranty.

### The Second Agreement

13. On or about July 8, 2021, U.S. Bank, as secured party, and AV, as debtor, entered into Equipment Finance Agreement No. xxxx770 (the "Second Agreement") for the financing of one (1) 2015 Volvo VNL780 Sleeper Truck Tractor (T/A) 4V4NC9EH2FN173969; (the "Second Agreement Trucks"). A true and correct copy of the Second Agreement is attached hereto as Exhibit 4.

14. Pursuant to the Second Agreement, AV agreed to make sixty (60) monthly payments of $801.84. *See* Exhibit 4.

15. To secure AV's obligations under the Second Agreement, AV granted U.S. Bank a security interest in the Second Agreement Trucks. *See* Exhibit 4 ¶ 3.

16. U.S. Bank properly perfected its security interest as first lienholder on the titles to the Second Agreement Trucks. True and correct copies of the Certificates of Title reflecting U.S. Bank's first priority security interest in the Second Agreement Trucks are attached hereto as Exhibit 5.

17. To induce U.S. Bank to enter into the Second Agreement, Krstic personally guaranteed the obligations of AV under the Second Agreement (the "Second Personal Guaranty"). A true and correct copy of the Second Personal Guaranty is attached hereto as Exhibit 6.

18. AV failed to make timely payments under the Second Agreement, including the payment due on July 13, 2023 and all payments thereafter.

19. Krstic similarly failed to make payments pursuant to the Second Personal Guaranty.

### The Third Agreement

20. On or about August 12, 2021, U.S. Bank, as secured party, and AV, as debtor, entered into Equipment Finance Agreement No. xxxx389 (the "Third Agreement") for the financing of one (1) 2018 Volvo 780 Sleeper Truck Tractor4V4NC9EH4JN996069; and one (1) 2017 Volvo 780 Sleeper Truck Tractor 4V4NC9EH8HN969788 (the "Third Agreement Trucks"). A true and correct copy of the Third Agreement is attached hereto as Exhibit 7.

21. Pursuant to the Third Agreement, AV agreed to make sixty (60) monthly payments of $1,959.82. *See* Exhibit 7.

22. To secure AV's obligations under the Third Agreement, AV granted U.S. Bank a security interest in the Third Agreement Trucks. *See* Exhibit 7 ¶ 3.

23. U.S. Bank properly perfected its security interest as first lienholder on the title to the Third Agreement Trucks. True and correct copies of the Certificates of Title reflecting U.S. Bank's first priority security interest in the Third Agreement Trucks is attached hereto as Group Exhibit 8.

24. To induce U.S. Bank to enter into the Third Agreement, Krstic personally guaranteed the obligations of AV under the Third Agreement (the "Third Personal Guaranty"). A true and correct copy of the Third Personal Guaranty is attached hereto as Exhibit 9.

25. AV failed to make timely payments under the Third Agreement, including the payment due on July 17, 2023 and all payments thereafter.

26. Krstic similarly failed to make payments pursuant to the Third Personal Guaranty.

### The Fourth Agreement

27. On or about March 19, 2022, U.S. Bank, as secured party, and AV, as debtor, entered into Equipment Finance Agreement No. xxxx695 (the "Fourth Agreement") for the financing of one (1) 2014 Volvo L50G Wheel Loader VCEL50GSH02420314 (the "Fourth Agreement Truck"). A true and correct copy of the Fourth Agreement is attached hereto as <u>Exhibit 10</u>.

28. Pursuant to the Fourth Agreement, AV agreed to make sixty (60) monthly payments of $1,118.52. *See* Exhibit 10.

29. To secure AV's obligations under the Fourth Agreement, AV granted U.S. Bank a security interest in the Fourth Agreement Trucks. *See* Exhibit 10 ¶ 3.

30. U.S. Bank properly perfected its security interest by filing a financing statement for the Fourth Agreement Trucks. A true and correct copy of the UCC Financing Statement is attached hereto as <u>Exhibit 11</u>.

31. To induce U.S. Bank to enter into the Fourth Agreement, Krstic personally guaranteed the obligations of AV under the Fourth Agreement (the "Fourth Personal Guaranty"). A true and correct copy of the Fourth Personal Guaranty is attached hereto as <u>Exhibit 12</u>.

32. AV failed to make timely payments under the Fourth Agreement, including the payment due on January 15, 2023 and all payments thereafter.

33. Krstic similarly failed to make payments pursuant to the Fourth Personal Guaranty.

### The Fifth Agreement

34. On or about October 13, 2022, U.S. Bank, as secured party, and AV, as debtor, entered into Equipment Finance Agreement No. xxxx249 (the "Fifth Agreement") (collectively with the First, Second, Third, and Fourth Agreements the "Agreements") for the financing of one

(1) 2017 Volvo VNL 780 6x4 Sleeper Truck Tractor 4V4NC9EH4HN972221; and one (1) 2019 Great Dane CCC-3314-21053 53 ft. x 102 in Van Trailer 1GRAP0627KJ101807 (the "Fifth Agreement Trucks") (collectively with the First, Second, Third, and Fourth Agreement Trucks the "Trucks"). A true and correct copy of the Fifth Agreement is attached hereto as Exhibit 13.

35. Pursuant to the Fifth Agreement, AV agreed to make sixty (60) monthly payments of $1,462.98. *See* Exhibit 13.

36. To secure AV's obligations under the Fifth Agreement, AV granted U.S. Bank a security interest in the Fifth Agreement Trucks. *See* Exhibit 13 ¶ 3.

37. U.S. Bank properly perfected its security interest as first lienholder on the title to the 2017 Volvo VNL 780 6x4 Sleeper Truck Tractor 4V4NC9EH4HN972221. True and correct copies of the Certificates of Title of a Vehicle reflecting U.S. Bank's first priority security interest in the 2017 Volvo VNL 780 6x4 Sleeper Truck Tractor 4V4NC9EH4HN972221 is attached hereto as Exhibit 14.

38. Title on the 2019 Great Dane CCC-3314-21053 53 ft. x 102 in Van Trailer 1GRAP0627KJ101807 has been submitted to the Illinois Secretary of State and the title will issue with U.S. Bank listed as the first lienholder.

39. To induce U.S. Bank to enter into the Fifth Agreement, Krstic personally guaranteed the obligations of AV under the Fifth Agreement (the "Fifth Personal Guaranty") (collectively with the First, Second, Third, and Fourth Personal Guaranties the "Guaranties"). A true and correct copy of the Fifth Personal Guaranty is attached hereto as Exhibit 15.

40. AV failed to make timely payments under the Fifth Agreement, including the payment due on July 14, 2023 and all payments thereafter.

41. Krstic similarly failed to make payments pursuant to the Fifth Personal Guaranty.

6

42. Failure to make timely payments is an event of default under ¶ 6 of the Agreements and Guaranties. *See* Exhibit 1, ¶ 6, Exhibit 4 ¶ 6, Exhibit 7 ¶ 6, Exhibit 10 ¶ 6, and Exhibit 13 ¶ 6.

43. As a result of the default under the Agreements, U.S. Bank is entitled to payment of the accelerated balance, discounted to present value at the rate of two percent (2%) per annum. *Id.* Further, U.S. Bank is entitled to prejudgment interest at a rate of twelve percent (12%) per year *Id.*

44. U.S. Bank is also entitled to attorneys' fees and costs pursuant to the First Agreement. *Id.*

45. Pursuant to the Agreements, U.S. Bank is further entitled to late fees in the amount of ten percent (10%) of the payment. *See* Exhibit 1, ¶ 2, Exhibit 4 ¶ 2, Exhibit 7 ¶ 2, Exhibit 10 ¶ 2, and Exhibit 13 ¶ 2.

46. U.S. Bank has demanded payment from AV and Krstic under the Agreements and Guaranties, but AV and Krstic have failed or refused to make payment.

47. U.S. Bank demanded return of the Trucks from AV, but it refused or failed to return the Trucks.

48. U.S. Bank has performed all of its obligations under the Agreements and Guaranties.

## COUNT I – BREACH OF CONTRACT
## AGAINST DEFENDANT AV XPRESS LTD

49. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 48 of its Verified Complaint as though fully set forth herein.

50. AV defaulted under the Agreements by failing to make payments when due.

51. Due to AV's default under the Agreements, U.S. Bank has suffered actual damages in the amount of $334,185.67, plus prejudgment interest at the rate of twelve percent (12%) per year, plus attorneys' fees and costs.

WHEREFORE, Plaintiff U.S. Bank Equipment Finance, a division of U.S. Bank National Association respectfully requests that the Court enter judgment in its favor and against Defendant AV Xpress LTD in the amount of $334,185.67, plus prejudgment interest at the rate of twelve percent (12%) per year, plus attorneys' fees and costs, as well as all other such relief which this Court deems just.

### COUNT II – BREACH OF GUARANTIES
### AGAINST DEFENDANT ZORAN KRSTIC

52. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 51 of its Verified Complaint as though fully set forth herein.

53. Krstic defaulted under the Guaranties by failing to make payments when due.

54. Due to Krstic's default under the Guaranties, U.S. Bank has suffered actual damages in the amount of $334,185.67, plus prejudgment interest at the rate of twelve percent (12%) per year, plus attorneys' fees and costs.

WHEREFORE, Plaintiff U.S. Bank Equipment Finance, a division of U.S. Bank National Association respectfully requests that the Court enter judgment in its favor and against Defendant Zoran Krstic in the amount of $334,185.67, plus prejudgment interest at the rate of twelve percent (12%) per year, plus attorneys' fees and costs, as well as all other such relief which this Court deems just.

### COUNT III – REPLEVIN
### AGAINST AV XPRESS LTD

55. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 54 of its Verified Complaint as though fully set forth herein.

56. This claim is brought pursuant to 735 ILCS § 5/19-101, et seq. as the Trucks are located in Illinois.

57. U.S. Bank is the first lienholder on the Certificates of Title for the First Agreement Trucks, Second Agreement Trucks, Third Agreement Trucks, and 2017 Volvo VNL 780 6x4 Sleeper Truck Tractor 4V4NC9EH4HN972221. *See* Group Exhibit 2, Exhibit 5, Group Exhibit 8, and Exhibit 14.

58. U.S. Bank has a perfected security interest in the Fourth Agreement Truck pursuant to the UCC Financing Statement. *See* Exhibit 11.

59. U.S. Bank anticipates it will be listed as first lienholder on the Certificate of Title for the 2019 Great Dane CCC-3314-21053 53 ft. x 102 in Van Trailer 1GRAP0627KJ101807.

60. Due to AV's default under the Agreements, U.S. Bank is entitled to the return of and the exclusive possession of the Trucks, specifically: One (1) 2016 Volvo VNL780 Sleeper Truck Tractor (T/A) 4V4NC9EH4GN935670; one (1) 2016 Volvo VNL780 Sleeper Truck Tractor (T/A) 4V4NC9TJ5GN935652; one (1) 2016 Volvo VNL670 Sleeper Truck Tractor (T/A) 4V4NC9EH6GN935668; one (1) 2016 Volvo VNL670 Sleeper Truck Tractor (T/A) 4V4NC9EH8GN938720; one (1) 2015 Volvo VNL780 Sleeper Truck Tractor (T/A) 4V4NC9EH2FN173969; one (1) 2018 Volvo 780 Sleeper Truck Tractor4V4NC9EH4JN996069; and one (1) 2017 Volvo 780 Sleeper Truck Tractor 4V4NC9EH8HN969788; one (1) 2014 Volvo L50G Wheel Loader VCEL50GSH02420314; one (1) 2017 Volvo VNL 780 6x4 Sleeper Truck Tractor 4V4NC9EH4HN972221; and one (1) 2019 Great Dane CCC-3314-21053 53 ft. x 102 in Van Trailer 1GRAP0627KJ101807.

61. AV failed to surrender the Trucks voluntarily.

62. AV is wrongfully and unlawfully detaining the Trucks, because after its default under the Agreements, it is obligated to surrender the Trucks to U.S. Bank.

63. U.S. Bank has made demand upon AV for the return of the Trucks, but AV has failed or refused to return the same.

64. The Trucks have not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of U.S. Bank, or against U.S. Bank individually, nor seized under any lawful process against the goods and chattels of U.S. Bank subject to such lawful process, nor held by virtue of any order for replevin against U.S. Bank.

65. Upon information and belief, the Trucks are located at 13404 W. Oakwood Ct., Homer Glen, IL 60491.

66. U.S. Bank estimates the fair market value of the Trucks, depending on their condition, as approximately $334,000.00.

WHEREFORE, U.S. Bank Equipment Finance, a division of U.S. Bank National Association respectfully requests that this Court enter an Order of Replevin directing the United States Marshal, or any other designated officer, to use all necessary force, including the force necessary to break locks to repossess:

One (1) 2016 Volvo VNL780 Sleeper Truck Tractor (T/A) 4V4NC9EH4GN935670;

One (1) 2016 Volvo VNL780 Sleeper Truck Tractor (T/A) 4V4NC9TJ5GN935652;

One (1) 2016 Volvo VNL670 Sleeper Truck Tractor (T/A) 4V4NC9EH6GN935668;

One (1) 2016 Volvo VNL670 Sleeper Truck Tractor (T/A) 4V4NC9EH8GN938720;

One (1) 2015 Volvo VNL780 Sleeper Truck Tractor (T/A) 4V4NC9EH2FN173969;

One (1) 2018 Volvo 780 Sleeper Truck Tractor4V4NC9EH4JN996069;

One (1) 2017 Volvo 780 Sleeper Truck Tractor 4V4NC9EH8HN969788;

One (1) 2014 Volvo L50G Wheel Loader VCEL50GSH02420314;

One (1) 2017 Volvo VNL 780 6x4 Sleeper Truck Tractor 4V4NC9EH4HN972221; and

One (1) 2019 Great Dane CCC-3314-21053 53 ft. x 102 in Van Trailer 1GRAP0627KJ101807, or any portion thereof, from AV Xpress LTD at 13404 W. Oakwood Ct., Homer Glen, IL 60491, or wherever it may be found, and enter judgment against AV Xpress LTD for the value of any Trucks not so returned plus attorney's fees and costs, as well as all other and further relief which this Court deems just.

## COUNT IV – DETINUE
## AGAINST AV XPRESS LTD AND ZORAN KRSTIC

67. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 66 of its Verified Complaint as though fully set forth herein.

68. Krstic is President of AV and controls the day-to-day operations of AV. Accordingly, Krstic controls how the Trucks are operated and has the power to return the Trucks to U.S. Bank.

69. U.S. Bank is entitled to possession of the Trucks due to the payment default under the Agreements.

70. U.S. Bank has a perfected security interest in the Trucks pursuant to the Certificates of Title for the First Agreement Trucks, Second Agreement Trucks, Third Agreement Trucks, Fourth Agreement Truck, 2017 Volvo VNL 780 6x4 Sleeper Truck Tractor 4V4NC9EH4HN972221, and the UCC Financing Statement.

71. U.S. Bank anticipates a perfected security interest in the 2019 Great Dane CCC-3314-21053 53 ft. x 102 in Van Trailer 1GRAP0627KJ101807.

72. Due to AV's default under the Agreements, U.S. Bank has an absolute and unconditional right to immediate possession of the Trucks.

73. AV is wrongfully retaining possession and control of the Trucks.

74. Krstic, through his operational control of AV, is causing AV to wrongfully retain possession of and control of the Trucks.

75. After its default, AV no longer has any right, title, or interest in the Trucks in the sense that the Trucks are U.S. Bank's collateral for the Agreements and must be returned.

76. Krstic has no right to refuse to cause AV to honor its legal obligation to surrender the Trucks.

77. U.S. Bank's right to possession of the Trucks is superior to that of AV and Krstic.

WHEREFORE, U.S. Bank Equipment Finance, a division of U.S. Bank National Association respectfully requests that this Court enter an Order compelling AV Xpress LTD and Zoran Krstic, jointly and severally, to assemble and surrender:

One (1) 2016 Volvo VNL780 Sleeper Truck Tractor (T/A) 4V4NC9EH4GN935670;

One (1) 2016 Volvo VNL780 Sleeper Truck Tractor (T/A) 4V4NC9TJ5GN935652;

One (1) 2016 Volvo VNL670 Sleeper Truck Tractor (T/A) 4V4NC9EH6GN935668;

One (1) 2016 Volvo VNL670 Sleeper Truck Tractor (T/A) 4V4NC9EH8GN938720;

One (1) 2015 Volvo VNL780 Sleeper Truck Tractor (T/A) 4V4NC9EH2FN173969;

One (1) 2018 Volvo 780 Sleeper Truck Tractor4V4NC9EH4JN996069;

One (1) 2017 Volvo 780 Sleeper Truck Tractor 4V4NC9EH8HN969788;

One (1) 2014 Volvo L50G Wheel Loader VCEL50GSH02420314;

One (1) 2017 Volvo VNL 780 6x4 Sleeper Truck Tractor 4V4NC9EH4HN972221; and

One (1) 2019 Great Dane CCC-3314-21053 53 ft. x 102 in Van Trailer

1GRAP0627KJ101807, at a place and time directed by U.S. Bank Equipment Finance, a division of U.S. Bank National Association within fourteen (14) days of this Court's entry of judgment, and award U.S. Bank Equipment Finance, a division of U.S. Bank National Association such other relief as this Court deems just.

        U.S. BANK EQUIPMENT FINANCE, a division of
        U.S. BANK NATIONAL ASSOCIATION

By:     s/Phillip A. Paridy

    Phillip A. Paridy
    D. Alexander Darcy
    Darcy & Devassy PC
    444 N. Michigan Avenue, Suite 3270
    Chicago, Illinois 60611
    (312)784-2400 (t)
    (312)784-2410 (f)
    pparidy@darcydevassy.com
    Firm ID: 44509
    Attorney for Plaintiff

## VERIFICATION

Under penalty of perjury and pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certified that the statements set forth in the Complaint are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

_____            _8-24-2023_____
Brenda O'Toole                                                                   Date
Officer/Senior Loss Mitigation Specialist
U.S. Bank Equipment Finance, a division of
U.S. Bank National Association